
FILED
2012 Jul-03  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| SERENA L. ANGLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-G-2168-NW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Serena L. Anglin, brings this action pursuant to the provisions

of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking

judicial review of a final adverse decision of the Commissioner of the Social Security

Administration (the Commissioner) denying her application for Social Security Benefits.

Plaintiff timely pursued and exhausted her administrative remedies available before the

Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the

Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether she has a severe impairment;

2

(3)     whether her impairment meets or equals one listed by the Secretary;

(4)     whether the claimant can perform her past work; and

(5)     whether the claimant is capable of performing any work in the
        national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord  McDaniel v. Bowen, 800 F.2d

1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she

will automatically be found disabled if she suffers from a listed impairment.  If the

claimant does not have a listed impairment but cannot perform her past work, the burden

shifts to the Secretary to show that the claimant can perform some other job."  Pope, at

477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

        In the instant case, the ALJ, Patrick R. Digby, determined the plaintiff met

the first two tests, but concluded  did not suffer from a listed impairment.  The ALJ found

the plaintiff unable to perform her past relevant work.  Once it is determined that the

plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show

other work the claimant can do."  Foote, at 1559.  When a claimant is not able to perform

the full range of work at a particular exertional level, the Commissioner may not

exclusively rely on the Medical-Vocational Guidelines (the grids).  Foote, at 1558-59.

The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also

prevents exclusive reliance on the grids.  Foote, at 1559.  In such cases "the

[Commissioner] must seek expert vocational testimony.  Foote, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

4

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

### THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers within the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work. In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed. This is so even if no other hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could

perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id.

**DISCUSSION**

In the present case the plaintiff alleges she is disabled due to symptoms caused by Ménière's disease. The plaintiff testified at her hearing that her Ménière's disease caused dizziness on a weekly basis. She testified that these attacks of dizziness varied in duration and intensity. She testified that on some days the attack would subside after 15 or 20 minutes. On some days she testified that she might have to sit down for two or three hours. Record 42. However, she testified that on some days "I might sit down and not get up the rest of the day...." Record 42. She also testified there were entire weeks in which she was unable to get up because of her Ménière's disease. Record 40.

At the hearing the vocational expert testified that if a person would be required to miss more than two or three days a month on an ongoing basis, she would be unable to work. Record 53. The plaintiff's testimony was clearly that she would be unable to work for more than two to three days per month on average. The ALJ found that the plaintiff's medically determinable impairments could reasonably be expected to

7

cause her alleged symptoms. Therefore, unless the ALJ properly discredited the plaintiff's

testimony, she must be found disabled based upon the testimony of the vocational expert.

The ALJ gave the following reasons for discrediting the plaintiff's

testimony:

> She is able to drive and shop for groceries.  She does housework, uses the
> computer at home and is a homemaker with young children that she cares
> for and is raising as well as a disabled spouse.  While she testified that she
> used a motorized cart to shop for groceries, there is nothing in the evidence
> to indicate why she would need a cart.  Interestingly, the claimant's [sic]
> alleges dizziness yet is capable of maneuvering a motorized cart [through]
> throngs of other customers and aisles while shopping.  Such suggests that
> her symptoms are not as troublesome as she alleges and are exaggerated.

Record 17.  These reasons, either singly or in combination, do not provide substantial

evidence for rejecting the plaintiff's testimony.  None of the activities cited by the ALJ is

inconsistent with the presence of sporadic episodes of dizziness lasting from hours up to

several days.  In Easter v. Bowen, the court observed as follows:

> Moreover, an applicant need not be completely bedridden or unable to
> perform any household chores to be considered disabled. See Yawitz v.
> Weinberger, 498 F.2d 956, 960 (8th Cir.1974).  What counts is the ability to
> perform as required on a daily basis in the "sometimes competitive and
> stressful" environment of the working world.  Douglas v. Bowen, 836 F.2d
> 392, 396 (8th Cir.1987) (quoting McCoy v. Schweiker, 683 F.2d 1138,
> 1147 (8th Cir.1982) (en banc)).

867 F.2d 1128, 1130 (8th Cir. 1989).  The Easter court further observed that "[e]mployers

are concerned with substantial capacity, psychological stability, and steady attendance....."

867 F.2d at 1130 (quoting Rhines v. Harris, 634 F.2d 1076, 1079 (8th Cir.1980)).

With this standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, the ALJ failed to satisfy the requirements of Hale. The conclusion of that court is equally appropriate in the instant case. "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence. It follows, therefore, that claimant's pain testimony has been accepted as true." Hale, at 1012. Therefore, the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.

An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 3 July 2012.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.